UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LONNIE JENNINGS,**

    **Plaintiff,**　　　　　　　　　　　Case No.: 4:16-cv-00097

v.

**DOWDY PLUMBING CORPORATION,**

    **Defendant.**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **DOWDY PLUMBING CORPORATION** ("Defendant"), pursuant to 28 U.S.C. §§ 1441, 1443, 1446 and 1343, and N.D. Fla. Loc. R. 7.2, hereby gives its Notice of Removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida to the United States District Court, Northern District of Florida, Tallahassee Division, and in support thereof states the following grounds:

    1.    Defendant desires to exercise its right under the provisions of 28 U.S.C. §1331, *et seq.*, to remove this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where it is now pending under the name and style of: *Lonnie Jennings v. Dowdy Plumbing Corporation,* Case No. 2015 CA 002966 (hereinafter referred to as the

"Circuit Court Action").

2. Plaintiff's two-count Complaint alleges:

**Count I:** Race Discrimination, 42 U.S.C §§ 2000e, *et. seq*, 42 U.S.C. § 1981, and Chapter 760, Florida Statutes

**Count II:** Age Discrimination, 29 U.S.C. §§ 621, *et. seq.*, and Chapter 760, Florida Statutes

(*See* Complaint at ¶¶ 1, 13, 23). This Court has federal question jurisdiction over Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq* ("Title VII"), the Age Discrimination in Employment Act, 42 U.S.C. §§ 621, *et. seq* ("ADEA"), and 42 U.S.C. § 1981. This Court has pendent jurisdiction over Plaintiff's state law claims brought pursuant to the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Florida Statutes ("FCRA").

3. Pursuant to 28 U.S.C. §1446(a), copies of the Summons and Complaint as well as all other process, pleadings, and orders on file in the Circuit Court Action to date are attached to this Notice of Removal as "Composite Exhibit A." To the undersigned's knowledge, no other papers or pleadings have been filed in the Circuit Court Action other than those included in Composite Exhibit A.

4. The Summons and Complaint were served upon Defendant on or about January 26, 2016. In accordance with the requirements of 28

2

U.S.C. §1446, this Notice of Removal is filed within 30 days after Defendant's receipt of the initial pleading through service of the Summons and Complaint.

5.    Venue in this District and Division is proper as an initial matter and for purposes of removal under 28 U.S.C. §1441(a) because this District and Division embrace the place in which the removed action has been pending, *i.e.*, Leon County, Florida.

6.    Pursuant to 28 U.S.C. §1446(d), written notice of filing this Notice of Removal has been served upon Plaintiff's counsel. A true copy of this petition will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law.

## Removal Based on Federal Question Jurisdiction

7.    Unless specifically prohibited by Act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). This Court possesses original jurisdiction over this civil action because it involves federal questions under 28 U.S.C. § 1331. More specifically, Plaintiff's Complaint alleges violations of the Age

Discrimination and Employment Act, of Title VII, and invokes the remedial provisions set forth in the Civil Rights Act of 1991, 42 U.S.C. § 1981. (*See* Complaint at ¶¶ 1, 13, 23).

## Removal of Pendent State Law Claim

8. The pendent state law claims are properly removable because such claims arise from a common nucleus of operative facts. *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966). Further, this Court has supplemental jurisdiction over the state law claims because they are so related to the federal law claim over which federal question jurisdiction exists that they "form[ ] part of the same case or controversy." *See* 28 U.S.C. § 1367(a). This action does not fall within the exceptions to supplemental jurisdiction outlined in 28 U.S.C. § 1367(b) and (c).

9. The test developed by the Eleventh Circuit to determine whether a state law claim forms part of the same case or controversy as a federal claim asks whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1566 (11th Cir.1994)). Like his claims under Title VII, the ADEA, and 42 U.S.C. § 1981, Plaintiff's FCRA claims arise from his employment with Defendant and will involve the same witnesses

and evidence, deal with the same occurrences, and are about the same actions or inactions in dispute.

10.   Accordingly, the requirements to remove all federal and state law claims are satisfied.

**WHEREFORE**, Defendant, **DOWDY PLUMBING CORPORATION**, respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

### WORD COUNT CERTIFICATION

This document contains 876 words.

Dated this 12th day of February, 2016.

Respectfully submitted,

**SNIFFEN & SPELLMAN, P.A.**

/s/ *Lisa B. Fountain*
**LISA B. FOUNTAIN**
Florida Bar No. 948802
lbarclay@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar No. 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2016, a true and exact copy of the foregoing was furnished by Hand Delivery to **Marie A. Mattox** (marie@mattoxlaw.com), Counsel for Plaintiff, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303. I further certify that on this 12th day of February, 2016, I electronically filed the foregoing, in the United States District Court, Northern District of Florida, Tallahassee Division, by using the CM/ECF system, which will send notification of such filing to all persons registered for this case.


/s/ *Lisa B. Fountain*
**LISA B. FOUNTAIN**